IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**STANLEY CORDELL THOMPSON**                                                             **MOVANT**

**V.**                                                                                       **NO.: 1:15CR123-SA**

**UNITED STATES OF AMERICA**                                                          **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Stanley Cordell Thompson ("Thompson"), a federal inmate, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging that his attorney made an unkept promise that he would receive a more lenient sentence if he pleaded guilty. *See* Doc. #76. The United States of America opposes the motion. *See* Doc. 82. Having considered the pleadings and the record, including the relevant parts of Thompson's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that the § 2255 motion should be denied.

## I
## Background Facts and Procedural History

On January 20, 2016, Thompson pleaded guilty to one count of conspiracy to distribute cocaine and four counts of distribution of cocaine after he entered a plea agreement with the government under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As part of the

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there are no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

plea agreement, the government agreed to recommend that Thompson receive a 48-month sentence, but the parties made no agreement on the sentence the Court would ultimately impose. *See* Doc. #36. The plea supplement stated, "should the Court not accept [the government's] recommendation, the defendant will be bound by the plea agreement and will have no right to withdraw the guilty plea." *Id*. at ¶4. At his change of plea hearing, Thompson acknowledged his understanding of the plea agreement, including his understanding that each of the five counts against him carried a maximum 20-year term of imprisonment. Doc. #81 at 10.

Based on Thompson's criminal history and the drug quantity, his sentencing guidelines range was 87 to 108 months. Doc. #74 at 19. At sentencing, the Court rejected the 11(c)(1)(B) recommendation. Doc. #74 at 19-23. The Court sentenced Thompson to an 87-month term of imprisonment. Doc. #69.

Thompson took no direct appeal. However, on or about July 27, 2017, Thompson filed the instant motion, claiming that his guilty plea was involuntarily given because of his attorney's unkept promise that he would receive a 48-month sentence if he pleaded guilty.

**II**
**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the

sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

### III
### Discussion

Thompson alleges that his plea was involuntary given because his attorney rendered ineffective assistance in promising him he would not receive more than a 48-month sentence if he pleaded guilty. Thompson's claim that his attorney rendered ineffective assistance is governed by the two-pronged test as set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which holds that a movant may not succeed on a claim of ineffective assistance of counsel unless he demonstrates that his attorney rendered deficient performance that prejudiced the defense. *Id*. at 687. In the context of a guilty plea, a movant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (quotation marks omitted).

To be valid, a guilty plea must be made voluntarily and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *Bousley v. United States*, 523 U.S. 614, 618 (1998) (holding plea is "constitutionally valid only to the extent it is 'voluntary' and 'intelligent'"). A plea that "is induced by deception, an unfulfillable promise, or misrepresentation" is not

3

voluntary.  *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970).  However, there is a strong presumption of veracity accorded to sworn declarations made in open court.  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (quotation marks omitted).   In order to successfully allege that counsel's unkept promises entitle him to relief despite the inconsistent representations he made in open court when entering his guilty plea, Thompson must prove:  the exact terms of the alleged promise; the exact circumstances of the promise; and the identity of an eyewitness to the promise.  *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citation omitted).  When the movant's "showing is inconsistent with the bulk of h[is] conduct or otherwise fails to meet h[is] burden of proof in light of other evidence in the record," the allegations are properly dismissed without the need for an evidentiary hearing.  *Id*. (citation omitted).

At Thompson's change of plea hearing, the government read the substantive portions of the plea agreement into the record, and one such provision was that "no promise or representation whatsoever has been made to Mr. Thompson as to what punishment the Court might impose if it accepts his plea of guilty."  Doc. #81 at 13.  The Court explicitly informed Thompson that the maximum penalty for each of the five counts was 20 years.  *Id.* at 10.  Additionally, as it relates to the recommendation of sentence, the following exchange occurred:

> [The Court]:  This is a --what we call a 11(c)(1)(B) agreement where there's a recommendation for a sentence -- recommendation of a sentence.
> Is that the amount of months you had discussed with [defense counsel]?
> A. Yes, ma'am.
> Q. Okay. So here's the deal. I might not accept the plea agreement and the plea supplement. I might not do that, and I won't know if I'm going to do it or not until I read your presentence report.
> A. Yes, ma'am.
> ****
> Q. Okay. Next, I'm going to talk to you about sentencing guidelines, and it

might not be relevant if, indeed, the Court accepts this recommendation of those number of months, but in the event that I rejected that recommendation, it's important that I explain to you what otherwise would occur, okay? So has your lawyer talked to you about the sentencing guideline range?
A. Yes, ma'am.
Q. Understand, I do not know what that guideline range would be because I don't have the presentence report, but the guideline range is not mandatory on the Court. In other words, I might sentence you to a sentence that is more severe or less severe than called for by the guidelines. Understand?
A. Yes, ma'am.
Q. Has anybody -- well, in this case, you've been told that there's a recommendation of 48 months, but you do understand it's not binding on the Court?
A. Yes, ma'am.
Q. You've also waived your right to appeal in this case, but I want to make sure you understand the government hasn't waived their right to appeal. Understand?
A. Yes, ma'am.
Q. Okay. Do you have any questions about those matters?
A. No, ma'am.

*Id*. at 15, 17-18.

After the factual basis was read into the record, which included a recitation of numerous drug transactions between Thompson and a confidential informant, Thompson agreed that he engaged in the conduct and pleaded guilty. *Id.* at 19-20. As to any promises made prior to the hearing, the Court asked whether he had been threatened, coerced, or promised anything to plead guilty, and Thompson responded, "No, ma'am." *Id*. at 20-21.

Thompson's vaguely asserted challenge in this motion is insufficient to refute his sworn testimony at his change of plea hearing and the written plea agreement he executed. In fact, the record demonstrates that Thompson was explicitly informed of the sentence he faced on each of the five counts against him, that the sentence recommendation made by the government could be rejected by the Court and result in a more severe sentence, and that he understood the provisions

5

of the agreement he signed.[2] There is no evidence, other than Thompson's allegation in the instant motion, that his attorney promised him a particular sentence. Therefore, the Court finds that Thompson fails to establish that his attorney rendered ineffective assistance with regard to his guilty plea.

Moreover, the Court finds that Thompson fails to convince the Court that rejecting the plea recommendation would have been rational under the circumstances of his case. *See Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). The government's evidence in this case showed Thompson's coordination of four separate controlled purchases of cocaine. *See, e.g.*, Doc. #81 at 19-20. Additionally, Thompson's supplier testified that he supplied Thomas three to 9 ounces of cocaine two to three times per week between February and September 2014. Doc. #74 at 31-32. The attributable weight placed on Thompson exceeded 10 kilograms of cocaine. *Id.* at 17. Had Thompson gone to trial, he would have been exposed to a potential 100-year sentence. *See, e.g.,* Doc. #35. Thompson avoided the threat of a 100-year sentence by entering into a plea agreement, which reduced his guideline range to 87 to 108 months. Because of the benefit Thompson received under the plea agreement, a decision to reject it would not have been rational. Therefore, Thompson has failed to establish prejudice with regard to this issue, and he fails to demonstrate that he received the ineffective assistance of counsel.

---

[2] At the change of plea hearing, the Court improperly advised Thompson that he could withdraw his plea if the Court did not accept the government's recommendation. Doc. #81 at 15. This misstatement has no bearing on Thompson's claim that his attorney rendered ineffective assistance by making an unkept promise regarding the length of his sentence. However, the Court notes that plea agreement signed by Thompson did properly state that Thompson had no right to withdraw his guilty plea if the Court refused to accept the government's recommendation. Doc. #36 at 2.

# IV
## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Thompson must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in § 2255 proceeding). Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

# V
## Conclusion

For the reasons set forth herein, the instant § 2255 motion [76] is **DENIED**, and this matter is **DISMISSED WITH PREJUDICE**. A COA is **DENIED**. A separate final judgment will enter today.

**SO ORDERED** this 20th day of October, 2017.

                                                             **/s/ Sharion Aycock**
                                                             **U.S. DISTRICT JUDGE**